**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald L. Ring, | No. CV 10-08217-PCT-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 18).

**I.    Background**

Ring has hepatitis C, liver cirrhosis, and osteoarthritis in his right knee. He also is morbidly obese. Ring protectively applied for disability insurance benefits and supplemental security income, alleging disability since December 7, 2007. On December 9, 2009, Ring appeared and testified at an administrative hearing at which he was represented by counsel. Victoria Rei, an impartial vocational expert, also appeared and testified telephonically at the hearing.

On February 10, 2010, the Administrative Law Judge ("ALJ") issued a decision that Ring was not disabled within the meaning of the Social Security Act, which subsequently became the Commissioner of Social Security's final decision. On

November 10, 2011, the Court vacated the final decision of the Commissioner and remanded the case for further proceedings.

Ring seeks an award of attorney's fees pursuant to 28 U.S.C. § 2412(d) in the amount of $6,432.80 and costs in the amount of $350.00.  The Commissioner opposes Ring's motion only on the ground that his position was substantially justified.  The Commissioner does not object to the amount of award requested.

## II.      Legal Standard

On a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), a prevailing party is entitled to attorney's fees "unless th[is] court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, the government's "position" includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D).  Here, then, it includes the ALJ's decision and the Commissioner's arguments to this Court in defense of the ALJ's decision.

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

## III.     Analysis

As previously found, substantial evidence did not support the ALJ's finding that Ring's skills acquired from past relevant work are transferable to other occupations with jobs existing in significant numbers in the national economy.  Specifically, the ALJ failed to elicit whether the vocational expert's testimony that a person with Ring's limitation to occasional kneeling could perform the job of "parts and order clerk," whether the vocational expert's opinion conflicted with the *Dictionary of Occupational Titles*, and, if so, whether there was a legitimate explanation for the conflict.  The ALJ plainly failed to

1 fulfill his special duty to fully and fairly develop the record. *See Smolen v. Chater*, 80
2 F.3d 1273, 1288 (9th Cir. 1996).

3     Moreover, the Commissioner was not substantially justified in defending the
4 ALJ's oversight in performing routine questioning of a vocational expert. Special
5 circumstances do not make a fee award unjust, and the EAJA therefore requires the Court
6 to award Ring attorneys' fees and other expenses.

7     IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees
8 Pursuant to the Equal Access to Justice Act (Doc. 18) is granted. Plaintiff is awarded fees
9 in the amount of $6,432.80 and costs in the amount of $350.00.

10     IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff in
11 the amount of $6,432.80 for attorneys' fees and $350.00 for costs against Defendant, with
12 interest at the federal judgment rate from the date of entry of judgment.

13     DATED this 13th day of March, 2012.

                                  Neil V. Wake
                                  United States District Judge